## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANCHOR WALL SYSTEMS, INC., | Civil No. 99-1356 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| ROCKWOOD RETAINING WALLS, INC., GLS INDUSTRIES, INC., EQUIPMENT, INC., RAYMOND R. PRICE, and GERALD P. PRICE, | |
| Defendants. | |

Dennis C. Bremer and Alan G. Carlson, **CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.**, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

Randall T. Skaar and Scott G. Ulbrich, **PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**, 4800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2100, for defendants.

This matter is before the Court on defendants' appeal from the Order of Magistrate Judge Franklin L. Noel dated February 8, 2005. The Magistrate Judge's Order denied defendants' motion to compel production of plaintiff's unredacted Confidential Invention Disclosure. On September 27, 2006, this Court lifted a stay of these proceedings. For the following reasons, the Court affirms the Magistrate Judge's Order.

## BACKGROUND

Plaintiff Anchor Wall Systems, Inc. ("Anchor") and defendant Rockwood Retaining Walls, Inc. ("Rockwood") manufacture masonry blocks used for building

retaining walls.  Anchor sued Rockwood alleging that Rockwood's "Cottage Stone" and "Classic" blocks infringe several patents held by Anchor.  In late 2004, Rockwood petitioned the United States Patent and Trademark Office ("PTO") for reexamination of the patents at issue in this lawsuit.  In February 2005, this Court issued an order staying proceedings pending a final decision by the PTO examiner on each of the patents at issue.  The Court lifted the stay on September 27, 2006.

During the course of pre-trial proceedings, Rockwood asserted invalidity as a defense to Anchor's infringement claim.  Specifically, Rockwood argued that one of Anchor's patents is invalid and unenforceable because Anchor failed to list Richard Stehly, a former company president, as an inventor on the patents along with inventors Michael Woolford and Dick Sievert.  Rockwood further argued that Anchor's omission was the product of deceptive intent.  Rockwood introduced testimony from related patent litigation[1] suggesting that Stehly was an inventor on the patent.

Anchor denies that Stehly was an inventor.  To support this contention, Anchor relied in part on a redacted Confidential Invention Disclosure document showing Woolford and Sievert as the only named inventors on the patent.  Anchor had produced the redacted document during proceedings in the related action with Concrete Products, subject to a stipulation that disclosure of the redacted document would not constitute a waiver as to other privileged subject matter contained in the document.  Rockwood argued that by introducing the redacted document to disprove Stehly's alleged

---

[1] Anchor also has patent infringement claims pending in separate actions against defendant Concrete Products of New London.  Rockwood submitted into evidence Woolford's deposition testimony from the related actions to prove that Stehly was an inventor.

inventorship, Anchor effectively waived any privilege it might have had with respect to related subject matter contained in the document. Rockwood therefore moved to compel production of the entire unredacted Confidential Invention Disclosure.

The Magistrate Judge denied Rockwood's motion to compel. The Magistrate Judge further ordered that Anchor produce an unredacted version of the document if it intends to introduce the Confidential Invention Disclosure as a trial exhibit. Rockwood now renews its argument in support of the motion to compel.

## ANALYSIS

A magistrate judge's order on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). Rockwood argues that Anchor has waived its attorney client privilege as to the Confidential Invention Disclosure document by disclosing a redacted version of that document. In particular, Rockwood is concerned that without access to the unredacted document a jury will be unable to assess Anchor's argument that it acted without deceptive intent. Anchor counters that waiver of the attorney client privilege as to the limited subject matter contained in the redacted document does not require it to turn over the entire unredacted document. Anchor argues that its disclosure of the redacted document constitutes a waiver only as to the subject matter of inventorship of the disputed patents. Anchor further claims that it produced the redacted version of the document subject to a stipulation that disclosure would not constitute a waiver as to the entire document.

A waiver of the attorney-client privilege extends "to all other communications relating to the same subject matter." *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982). Anchor points to the fact that it submitted to the Magistrate Judge *in camera* the unredacted version of the Confidential Invention Disclosure document. The Magistrate Judge thus had an opportunity to assess whether the unredacted document contained additional information relating to the subject matter of inventorship. The Magistrate Judge nonetheless denied Rockwood's motion to compel production of the unredacted document. Moreover, the Magistrate Judge's Order requires Anchor to produce an unredacted version of the document if it decides to offer the document as a trial exhibit. This Court finds that Rockwood's concerns about the jury's ability to evaluate the evidence are adequately addressed by the Magistrate Judge's Order requiring Anchor to produce the unredacted document if it chooses to use the document as an exhibit at trial. The Court concludes that the Magistrate Judge's Order denying Rockwood's motion to compel was not clearly erroneous or contrary to law.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's February 8, 2005 Order denying defendants' motion to compel [Docket No. 302] is **AFFIRMED**.

DATED:   December 12, 2006
at Minneapolis, Minnesota.

                                        s/ John R. Tunheim
                                          JOHN R. TUNHEIM
                                      United States District Judge