**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ANCHOR WALL SYSTEMS, INC.,                    Civil No. 99-1356 (JRT/FLN)

                      Plaintiff,

v.

                                             **ORDER**

ROCKWOOD RETAINING WALLS, INC.,
GLS INDUSTRIES, INC.,
EQUIPMENT, INC.,
RAYMOND R. PRICE, and
GERALD P. PRICE,

                      Defendants.

---

Dennis C. Bremer and Alan G. Carlson, **CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.**, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

Scott G. Ulbrich and Randall T. Skaar, **PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**, 4800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2100, for defendants.

This matter is before the Court on defendants' request to file additional motions challenging the Court's subject matter jurisdiction over plaintiff's patent infringement claims. The Court orally granted defendants' request during a status conference on April 18, 2007. Following the status conference, plaintiff sought leave to reconsider the Court's order, arguing that defendants' proposed motions would present substantive challenges to plaintiff's infringement claims rather than procedural challenges to the Court's subject matter jurisdiction. On April 30, 2007, the Court granted plaintiff's request for leave to seek reconsideration, and requested additional briefing by the parties on defendants' proposed motions.

Defendants represent that they will argue that because plaintiff filed statutory disclaimers of certain inventions at issue in this case, the Court is divested of subject matter jurisdiction over plaintiff's infringement claims. Defendants will further argue that plaintiff's amendment of its '129 patent claims during reexamination effectively caused its original '129 claims to cease to exist, again requiring dismissal for lack of subject matter jurisdiction. The Court finds that defendants' proposed motions will challenge the Court's subject matter jurisdiction, rather than the merits of plaintiff's patent infringement claims. Courts may consider challenges to subject matter jurisdiction "whenever it appears by suggestion of the parties . . . that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). The Court therefore grants defendants' request to file additional motions challenging the Court's subject matter jurisdiction.

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' request to file additional motions challenging the Court's subject matter jurisdiction [Docket No. 442] is **GRANTED**. Defendants shall have thirty (30) days from the date of this Order to file its motions and supporting memoranda. Plaintiff shall have thirty (30) days to file a response. Defendants shall file a reply within five (5) days of the date of plaintiff's responses.

DATED:   June 18, 2007
at Minneapolis, Minnesota.

                                    s/ John R. Tunheim
                                    JOHN R. TUNHEIM
                                    United States District Judge