UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANCHOR WALL SYSTEMS, INC., | Civil No. 99-1356 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| ROCKWOOD RETAINING WALLS, INC., GLS INDUSTRIES, INC., EQUIPMENT, INC., RAYMOND R. PRICE, and GERALD P. PRICE, | ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| Defendants. | |

Alan G. Carlson and Dennis C. Bremer, **CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.**, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

Scott G. Ulbrich, Eric H. Chadwick, and Randall T. Skaar, **PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**, 4800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2100, for defendants.

This case is before the Court on defendants' two motions to dismiss for lack of subject matter jurisdiction. The Court denies the motions for the reasons explained below.

**BACKGROUND**

In September 1999, plaintiff Anchor Wall Systems, Inc. ("Anchor") filed this patent infringement action alleging that retaining wall blocks manufactured by defendants infringed Anchor's patents. Anchor alleges that defendants' blocks infringe four patents in Anchor's '363 patent family: Patent Nos. 5,490,363 (the '363 patent), 5,704,183 (the

'183 patent), 5,702,062 (the '062 patent), and 5,711,129 (the '129 patent). Anchor also alleges that the defendants' blocks infringe three patents in its '015 patent family: Patent Nos. 5,827,015 (the '015 patent), 6,142,713 (the '713 patent), and 6,183,168 (the '168 patent).[1]

In 2004, defendants requested reexamination by the United States Patent and Trademark Office ("PTO") of the patents-in-suit. Defendants also requested reexamination of other Anchor patents not at issue in this litigation, including the '334 patent, the '382 patent, and the '472 patent. The '382 and '472 patents are in the '015 patent family, while the '334 patent is in the '363 patent family.

The PTO completed reexamination in 2006 and confirmed the patentability of many of Anchor's claims at issue in this litigation. After the PTO's reexamination, and with a trial date approaching, Anchor disclaimed all claims in the '334 patent, the '382 patent, and the '472 patent.

The PTO rejected the claims in Anchor's '129 patent. In response to the PTO's action, Anchor cancelled independent claims 1, 15, and 25. Anchor amended claims 3 and 27, removing the word "composite" that had modified the word "masonry block" in those claims. Following these cancellations and amendments, the PTO examiner allowed the amended claims 3 and 27, and issued a reexamination certification for the '129 patent on June 26, 2007.

---

[1] The '168 patent is no longer at issue in the case.

**ANALYSIS**

Defendants have filed two motions to dismiss Anchor's infringement claims for lack of subject matter jurisdiction. First, defendants argue that Anchor filed statutory disclaimers to claims that are identical to the patents-in-suit, relinquishing Anchor's right to exclude others and divesting this Court of subject matter jurisdiction over Anchor's infringement claims. Second, defendants argue that Anchor's recent amendment of its '129 patent claims during reexamination caused its original '129 claims to cease to exist, again requiring dismissal for lack of subject matter jurisdiction. The Court discusses each motion in turn.

**I.     DEFENDANT'S MOTION TO DISMISS ALL PATENTS-IN-SUIT**

Defendants first argue that Anchor's disclaimers to the '334 patent, the '382 patent, and the '472 patent operate to divest this Court of subject matter jurisdiction over Anchor's patents-in-suit. Statutory disclaimers of patent claims are governed under 35 U.S.C. § 253, which provides that "[a] patentee . . . may . . . make disclaimer of any complete claim, stating therein the extent of his interest in such patent." When a disclaimer is filed, the original claims are "withdrawn from the protection of the patent laws, and the public [is] entitled to manufacture and use the device originally claimed as freely as though it had been abandoned." *Altoona Publix Theatres v. Am. Tri-Ergon Corp.*, 294 U.S. 477, 492 (1935). A statutory disclaimer has the effect of canceling the disclaimed claims from the patent. *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379,

1383 (Fed. Cir. 1998). The patent is thus treated as though the disclaimed claims never existed. *Id.*

According to defendants, a statutory disclaimer effectively surrenders to the public the invention that is embodied in the disclaimed claims. Because Anchor filed disclaimers in related patents that claim the same inventions as the patents-in-suit, defendants argue, these disclaimers necessarily surrender the patents-in-suit to the general public, eliminating any case or controversy with respect to Anchor's infringement claims.

The Court finds that defendants' argument is belied by the relevant patent statutes and case law. Nothing in § 253 suggests that the disclaimer of a patent claim, by itself, has an effect on any other patent claim. *See, e.g.*, *Vectra Fitness*, 162 F.3d at 1383 (noting that a statutory disclaimer has the effect of canceling only the disclaimed claims from the patent). Indeed, other patent statutes specifically limit the effect of a disclaimed claim on other claims in the patent. For example, 35 U.S.C. § 288 provides that "[w]henever . . . a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid." Thus, a disclaimer of one claim does not operate to disclaim or invalidate other claims of the same patent, much less claims of *other* patents. *See Allen Archery, Inc. v. Browning Mfg. Co.*, 819 F.2d 1087, 1095-96 (Fed. Cir. 1987) (finding that a disclaimer of some patent claims did not prevent infringement action with respect to other claims within the patent). This principle holds true even where the disclaimed claim is identical to other patent claims. *Sunrise Med. HHG, Inc. v. AirSep Corp.*, 95 F. Supp. 2d 348, 454 (W.D. Pa. 2000). For

these reasons, the Court denies defendants' motion to dismiss the patents-in-suit for lack of subject matter jurisdiction.

## II.   DEFENDANTS' MOTION TO DISMISS THE '129 PATENT

Defendants next argue that Anchor "narrowed the scope" of the '129 patent by substantially amending claims 3 and 27, and by canceling numerous other claims of the '129 patent.  Defendants argue they can only infringe claims resulting from a reexamination if the original and reexamined claims are substantially identical.  Because Anchor's amendments to claims 3 and 27 substantively changed the scope of the claims, defendants argue, Anchor's infringement claim as to the original '129 patent must be dismissed for lack of subject matter jurisdiction.

A patentee of a reexamined patent is entitled to infringement damages for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims, if the original and reexamined claims are identical. *See* 35 U.S.C. §§ 252, 307(b); *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989).  If an amendment to a claim during reexamination substantially changes the scope of the claim, the effect is to bar damages for the period prior to issuance of the reexamination certificate.  *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1360-61 (Fed. Cir. 2001); *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998).

Even if Anchor's amendments to claims 3 and 27 of the '129 patent substantively changed the scope of the claims, however, defendants have cited no case law support for the proposition that such changes divest the Court of subject matter jurisdiction over

Anchor's '129 patent infringement claim.  Rather, any such change merely bars damages for the period prior to issuance of the reexamination certificate.  *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997) (stating that "substantive changes" under § 252 "relieve[] those who may have infringed the original claims from liability during the period before the claims are validated").  In such cases, courts maintain jurisdiction to determine whether the patentee is entitled to injunctive relief or post-reexamination certificate damages for the amended claims.  *See id.*  The Court finds that the appropriate vehicle for making such a determination is a motion *in limine*, and not the present motion to dismiss for lack of subject matter jurisdiction.[2]  The Court therefore denies defendants' motion to dismiss.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Plaintiff's Infringement Claims for All Patents-in-Suit for Lack of Subject Matter Jurisdiction [Docket No. 450] is **DENIED**.

2. Defendants' Motion to Dismiss the '129 Patent for Lack of Subject Matter Jurisdiction [Docket No. 455] is **DENIED**.

DATED:   October 30, 2007  
at Minneapolis, Minnesota.

                                      s/ John R. Tunheim  
                                      JOHN R. TUNHEIM  
                                      United States District Judge

---

[2] For this reason, the Court declines the parties' invitation to determine whether the '129 patent claim amendments effected a substantive change on the scope of the claims.