UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ANCHOR WALL SYSTEMS, INC.,           Civil No. 99-1356 (JRT/FLN)

           Plaintiff,

v.

                                     **ORDER**

ROCKWOOD RETAINING WALLS, INC.,
GLS INDUSTRIES, INC.,
EQUIPMENT, INC.,
RAYMOND R. PRICE and
GERALD P. PRICE,

           Defendants.

---

Alan G. Carlson, Dennis C. Bremer, and Joseph W. Winkels, **CARLSON CASPERS VANDENBURGH & LINDQUIST**, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402; Douglas A. Strawbridge, **ANCHOR WALL SYSTEMS, INC.**, 5959 Baker Road, Suite 390, Minnetonka, MN 55345; for plaintiff.

Michael E. Florey and Jonathan E. Singer, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3300, Minneapolis, MN 55402; Michael F. McGrath, **RAVICH MEYER KIRKMAN MCGRATH & NAUMAN**, 80 South Eighth Street, Suite 4545, Minneapolis, MN 55402; Casey A. Kniser, Eric H. Chadwick, Scott G. Ulbrich, and Randall T. Skaar, **PATTERSON THUENTE SKAAR & CHRISTENSEN, PA**, 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402-2100; Malcolm L. Moore, **MOORE HANSON & SUMNER**, 225 South Sixth Street, Suite 4850, Minneapolis, MN 55402-4612; for defendants.

Plaintiff Anchor Wall Systems, Inc. and defendants Rockwood Retaining Walls, Inc., Raymond Price, Gerald Price, GLS Industries, Inc., and Equipment, Inc., are direct competitors in the retaining wall block industry. Plaintiff filed an action in 1999 alleging that several of defendants' blocks infringe on its patents. On March 3, 2008, a jury found

that plaintiff's patents are valid and that several of defendants' blocks infringe those patents. The jury awarded plaintiff $24,185,484 in damages, and judgment was entered on March 4, 2008.

This case came before the Court on April 21, 2008, on plaintiff's motion for a permanent injunction prohibiting defendants from making, using, selling and/or offering for sale the offending blocks, and on defendants' motion to stay proceedings to enforce the judgment. As to the motion for an injunction, defendants indicate that they do not oppose an injunction covering any blocks produced after the March 3 jury verdict. The parties' primary dispute concerns the more than 1 million infringing blocks that were produced before the verdict. Based on this Court's review of the record and on the hearing held on this matter, the Court finds that this issue is best left for further negotiations between the parties, as set forth below. If the parties are unable to reach an agreement, this Court will exercise its authority to establish a reasonable royalty for the sale of these blocks.

As to defendants' request to stay a state court proceeding to enforce the judgment, based on the record and hearing on this matter the Court finds that any proceeding seeking to enforce the judgment must be stayed to allow the parties to complete discovery on defendants' financial condition. Plaintiff has assured the Court that its pending state court action will not seek injunctive relief, and is ordered to notify the Court before doing so.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Permanent Injunction [Docket No. 647] is **GRANTED** as follows:

   a.      Defendants are prohibited from any further production of any Classic, StoneHedge, Legend, Cottage Stone III and/or Cottage Stone IV blocks and are prohibited from using, selling, and/or offering for sale any Classic, StoneHedge, Legend, Cottage Stone III and/or Cottage Stone IV blocks produced after March 3, 2008.

   b.      As to any Classic, StoneHedge, Legend, Cottage Stone III and/or Cottage Stone IV blocks produced on or before March 3, 2008, the parties are given until May 5, 2008, to negotiate a reasonable royalty rate relating to the sale of such blocks.  The parties are ordered to provide this Court with written notice on May 5, 2008, indicating whether an agreement has been reached.  If no agreement is reached by the parties, this Court will exercise its authority to establish a reasonable royalty rate.  Until either the parties reach an agreement on a reasonable royalty rate or the Court establishes a reasonable royalty rate, defendants are prohibited from using, selling, and/or offering for sale any Classic, StoneHedge, Legend, Cottage Stone III and/or Cottage Stone IV blocks produced on or before March 3, 2008.

      2.      Defendants' Motion to Stay Proceeding to Enforce the Judgment [Docket No. 713] is **temporarily GRANTED**, for the purpose of allowing the parties to complete plaintiff's outstanding discovery requests.

      a.      The parties are ordered to file a written report with the Court on June 5, 2008, indicating the status of these discovery requests. To the extent that any pending state court proceedings seek relief other than injunctive relief, such proceedings are not stayed by this order. However, plaintiff is ordered to promptly notify the Court before seeking any injunctive relief or otherwise seeking to execute the judgment in any proceeding.

DATED: April 22, 2008　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge